UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 12, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Janell J. v. Martin O'Malley, Commissioner, Social Security Administration*
      Civil No. 23-2732-CDA

Dear Counsel:

On October 10, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claims for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 9, 13, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on August 13, 2020, alleging a disability onset of August 4, 2020. Tr. 155. Plaintiff's claims were denied initially and on reconsideration. *Id.* After a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Tr. 152–78. The Appeals Council then remanded the case to the ALJ. Tr. 179–85. On February 15, 2023, a second hearing was held. Tr. 43–67. The ALJ issued a second unfavorable decision on April 5, 2023. Tr. 14–40. The Appeals Council denied review, Tr. 1–6, so the April 5, 2023 decision is the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff did not engage in substantial gainful activity since August 4, 2020. Tr. 20. The ALJ also found that Plaintiff suffered from "the following severe impairments: obesity; diabetes mellitus; depression; anxiety; and post traumatic stress disorder." *Id.* The ALJ determined that Plaintiff's "essential hypertension, lumbar degenerative disc disease, and knee pain" were not severe. *Id.* The ALJ found that Plaintiff did not have any impairment or impairments that met or medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work . . . except she can occasionally lift and/or carry 25 pounds and frequently lift and/or carry 25 pounds; sit for 6 hours; stand for 6 hours; walk for 6 hours; and push and/or pull as much as she can lift and/or carry. She can frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; and frequently stoop, kneel, crouch and crawl. She is able to perform simple, routine tasks for periods of at least two hours before needing a break. She is unable to perform high quota production pace work where work must be completed within strict hourly quotas. She is unable to perform assembly line work where the coworkers work side-by-side and the work of one affects the work of another.

Tr. 24. The ALJ concluded that Plaintiff was not disabled because she could perform jobs existing in significant numbers in the national economy. Tr. 32.

### III.     LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.     ANALYSIS

Plaintiff argues that: (1) the SSA failed to carry its step-five burden; (2) the RFC finding failed to include all of Plaintiff's documented limitations; (3) the ALJ failed to properly evaluate two medical opinions; and (4) the ALJ failed to consider a written statement submitted during the administrative process. ECF 9, at 3–19. Defendant counters that substantial evidence supports the RFC assessment and step-five findings. ECF 13, at 6–20. Defendant also contends that the ALJ was not required to explicitly consider Plaintiff's written statement. *Id.* at 21–23.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a). As noted above, the ALJ's decision summarized Plaintiff's RFC in a single paragraph. Tr. 24. Therein, the ALJ stated that Plaintiff was unable to perform "high quota"

*Janell J. v. O'Malley*
Civil No. 23-2732-CDA
July 12, 2024
Page 3

work.  *Id.*  However, the Court "must read the ALJ's decision as a whole" when reviewing the decision's factual findings.  *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (per curiam).  Governed by that standard, the Court observes that the ALJ also concluded, based on the evidence of record, that Plaintiff was "still capable of occasional interactions while working in an independent capacity with no quotas."  Tr. 28.  Thus, the ALJ explicitly determined that Plaintiff's RFC precluded her from work involving *any* quotas because the ALJ found that working without quotas was the most that Plaintiff could "still" do despite her mental limitations.  *Id.*

Although Plaintiff's RFC apparently precluded her from performing work involving quotas, the ALJ asked the vocational expert if an individual who "is unable to perform [at a] *high quota* production rate pace" could perform work existing in significant numbers in the national economy.  Tr. 60 (emphasis added).  An ALJ's hypothetical must "adequately capture and recite all of [a claimant's] mental impairments and the limitations caused by those impairments."  *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004); *accord Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  Therefore, the ALJ erred by posing a hypothetical that did not convey Plaintiff's inability to perform work involving any quotas.

If posed with a hypothetical that accurately reflects Plaintiff's RFC, a vocational expert may find that Plaintiff cannot perform any jobs.  Consequently, the ALJ's error is consequential and warrants "remanding the [case] for a rehearing."  42 U.S.C. § 405(g).  Because the case is being remanded on these grounds, the Court does not address Plaintiff's other arguments.  The SSA is welcome to consider those arguments on remand.  The Court expresses no opinion on the ultimate merits of Plaintiff's applications for benefits.

V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge